BLAND BALLARD, ET AL., *v.* WILLIAM ST. CLOUD & COMPANY.

**Dedication of Streets by Plat.**

> When the proprietor of land within the boundary of a city lays it out into lots and sells them, leaving intervening strips of land corresponding to established and improved streets, projecting toward them, it will amount to a dedication of such strips for public use as streets.

Acceptance of Dedicated Streets.

> Where a proprietor has dedicated streets to the public by filing a plat and selling lots, it is not required that the public shall be in the actual occupation of such streets in order to show its acceptance of the dedication, but it is enough that the public has done that from which its acceptance may be inferred.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 4, 1879.

OPINION BY JUDGE COFER:

We think the evidence sufficient to show that Second street was an established and recognized street as far south as Ormsby avenue, at least, and that Oak and Ormsby, from Third to Second, were established streets, and consequently the lots of the appellants, assessed for improving Third street, were embraced within a square bounded on all sides by principal streets.

The map indicates that the land within the lines of these streets had been laid off into lots of the usual size of city lots, and that many of them had been sold. The deeds filed call for these streets in a manner to indicate that they were recognized by the proprietors as streets. They correspond with the streets already opened and improved, and unless these are streets then there are no streets provided for the accommodation of the owners of the lots laid off and sold.

When the proprietor of land within the boundary of a city lays it out into lots and sells, leaving intervening strips of land corresponding to established and improved streets, projecting toward them, this ought to be regarded, both upon principle and authority, as a dedication. It is true, some of the deeds are mere deeds of partition, but they are not on that account less persuasive that it was the intention of the proprietors to dedicate the streets.

The ordinance recognizes Third street as a public way, and the apportionment recognizes Second, Oak and Ormsby avenues as such. It is true that this is not sufficient, unless those streets existed when the ordinance was passed, and it affords some evidence conducing to prove that the streets existed previously, and, when considered in connection with the deeds and maps, is sufficient to make out the appellees' case.

That the streets opposite these lots have not been opened or improved is a fact tending to show that there has been no

dedication. So, also, the fact that Third street has been opened and improved by the city without any queston being made that it has not been dedicated, is evidence that all the streets laid out by the same proprietors as part of the same plan were also dedicated. And the improvement of Third street by the city is strong evidence that it has accepted all the streets laid out by the proprietors on the same piece of land.

It is not essential to a dedication that the public shall be in the actual occupation and use of streets. It is enough that the proprietor has dedicated them, and the public has done that from which its acceptance may be inferred. This completes the right of the public to the use which can be secured whenever the public convenience requires it.

The judgments must therefore be *affirmed.*

*Harrison & McGraw, Barr, Goodloe & Humphrey, for appellants.*
*Caldwell & Winston, for appellees.*